IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE



| | |
|---|---|
| CARMELETHA D. MASON | ) |
| Debtor, | ) |
| SUSAN R. LIMOR, TRUSTEE | ) CASE NO. 302-07539-MH3-7 |
| Plaintiff, | ) |
| VS. | ) |
| TRAVELERS INSURANCE COMPANY and PHOENIX INSURANCE COMPANY (One of The Travelers Insurance Companies)(n/k/a St. Paul Travelers Companies, Inc.) | ) ADV. NO. 304-0420A |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT TRAVELERS INSURANCE COMPANY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant Travelers Insurance Company, by and through counsel, submits the following Memorandum in support of its Motion to Dismiss.

### Facts

Plaintiff Carmeletha Mason's daughter took her vehicle from her home without her permission and against her express instructions and was involved in an accident which fatally injured Mr. David Anderson. Mr. Anderson's wife sued Plaintiff for the wrongful death of her husband and the jury awarded her a verdict of $895,500. Plaintiff is now suing her insurance company for bad faith for failing to settle the case within the policy limits. Plaintiff has named Travelers Insurance Company as a Defendant, along

with Phoenix Insurance Company.

## Law and Argument

In deciding a motion to dismiss, a Court must take the plaintiff's factual allegations as true and if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief, then dismissal is proper. Fingers v. Jackson-Madison County General Hosp. Dist., 101 F.3d 702 (6th Cir.1996)(citing Forest v. United States Postal Serv., 97 F.3d 137, 139 (6th Cir.1996) (quoting American Eagle Credit Corp. v. Gaskins, 920 F.2d 352, 353 (6th Cir.1990)). While it is liberal, this standard of review requires more than the bare assertion of legal conclusions. Id. (citing Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993)). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. Id.

In this case, even if the Court takes all the Plaintiff's allegations as true, Plaintiff is still not entitled to recovery against Travelers Insurance Company because there is no basis for liability against Travelers Insurance Company. In Plaintiff's original Complaint, Plaintiff incorrectly named Travelers Insurance Company as the Defendant. See Plaintiff's original Complaint. After conversation with Defense Counsel regarding the correct entity to be named as a Defendant, Plaintiff's counsel amended the Complaint to include The Phoenix Insurance Company, the *correct* insurance company. See Amended Complaint. However, Plaintiff left Travelers' Insurance Company listed as a Defendant.

Travelers Insurance Company should not be named as a defendant in this lawsuit because <u>Travelers Insurance Company did not write the policy that is at issue in this lawsuit</u>. Instead, The Phoenix Insurance Company wrote the insurance policy that is at issue in this lawsuit, and therefore, it is The Phoenix Insurance Company that would be liable to the Plaintiff in the event of any recovery on her bad faith claim. The Phoenix Insurance Company is the contracting party with Carmeletha Mason and, while shown as "one of the Travelers Insurance Companies" on the policy, is a distinct legal entity and the party in privity of contract with Carmeletha Mason.

A certified copy of the subject insurance policy issued to Plaintiff Carmeletha Mason is attached to this Memorandum as Exhibit A. The policy (# 036919337-010-1) was written by **The Phoenix Insurance Company**, not Travelers.

Because there is no basis for liability on the part of Travelers Insurance Company, it should be dismissed as a Defendant in this lawsuit for failure to state a claim upon which relief can be granted. See e.g., <u>Schwartz v. Matol Botanical Intern.</u>, 976 F.2d 734 (6th Cir.1992)(granting motion to dismiss because Defendant owed no duty to plaintiff).

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: _____
Russell E. Reviere (BPR No. 07166)
Attorney for Travelers Insurance Company
209 East Main Street
P. O. Box 1147
Jackson, TN 38302-1147
(731) 423-2414

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon

F. Dean Armstrong
1324 Dartmouth Road
Flossmoor, IL 60422

Susan R. Limor
2814 Dogwood Place
Nashville, TN 37204

counsel for each of the parties by mailing postage prepaid or by delivery to the person or office of such counsel.

This the 6th day of January, 2005.

_____
Russell E. Reviere